

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,251-01

### EX PARTE CLARENCE ANDERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 23849-A IN THE 3RD DISTRICT COURT FROM ANDERSON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to arson and was sentenced to twenty-five years' imprisonment.

Applicant contends that he was denied due process for various reasons during a parole revocation. He alleges that he was not provided with a preliminary hearing or a mitigation hearing, that he was not appointed counsel although he is intellectually disabled, that he did not sign the parole contract, and that he was imprisoned and compelled to work without an order revoking his parole.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing the issue of whether Applicant was provided due process in the parole revocation proceeding.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with all documents pertaining to Applicant's most recent parole revocation, including the notification of the offender's rights in the revocation process, any written waivers or requests for hearings, hearing officer's report, and any other relevant documents. The trial court shall make findings of fact and conclusions of law as to whether Applicant was afforded due process in the parole revocation proceeding. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:   April 18, 2018
Do not publish